

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104



September 1, 2020

Wesley Page
Federal Public Defender
300 Virginia Street East, Room 3400
Charleston, WV 25301

    Re: United States v. Eugene Enrique Torres
      Criminal Nos. 2:20-cr-00100 (USDC SDWV)
            2:20-cr- 00177

Dear Mr. Page:

  This will confirm our conversations with regard to your client, Eugene Enrique Torres (hereinafter "Mr. Torres"). As a result of these conversations, it is agreed by and between the United States and Mr. Torres as follows:

  1. **PENDING CHARGES**. Mr. Torres is charged in a single-count indictment with a violation of 18 U.S.C. §§ 1591(a) and 1594(a).

  2. **CHARGING AGREEMENT**. Mr. Torres agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

  3. **RESOLUTION OF CHARGES**. Mr. Torres will plead guilty to a violation of 18 U.S.C. § 2422(b) (attempted enticement of a minor) as charged in said information. Following final disposition, the United States will move the Court to dismiss the indictment in Criminal No. 2:20-cr-00100 as to Mr. Torres.

*EET*
———————
Defendant's
Initials

Wesley Page
September 1, 2020 Re: Eugene Enrique Torres
Page 2

    4.    **MAXIMUM POTENTIAL PENALTY**. The maximum penalty to which Mr. Torres will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of at least 10 years and up to life;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of at least 5 years and up to life;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014.

    5.    **REMOVAL FROM UNITED STATES**. Mr. Torres recognizes that pleading guilty pursuant to this plea agreement has consequences with respect to his immigration status and will result in his being subject to removal for having been convicted of an offense contemplated by the Immigration and Nationality Act, 8 U.S.C. §§ 1101-1504, and corresponding regulations. Further, Mr. Torres understands that removal and other immigration consequences are the subject of a separate proceeding. Mr. Torres nevertheless agrees to plead guilty pursuant to this plea agreement regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his removal from the United States.

    6.    **SPECIAL ASSESSMENT**. Mr. Torres has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Torres agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

                                                      *EET*
                                                      Defendant's
                                                        Initials

Wesley Page
September 1, 2020                      Re: Eugene Enrique Torres
Page 3

    7.    **ABANDONMENT OF PROPERTY**. Mr. Torres hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in certain items seized from him, that is, one cell phone and $250.00 in U.S. currency seized from him on June 18, 2020. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

    8.    **PAYMENT OF MONETARY PENALTIES**. Mr. Torres authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Torres agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Torres further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    Mr. Torres authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

    In addition to any payment ordered by the Court, Mr. Torres shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

    Mr. Torres agrees that if he retains counsel or has appointed

_EET_<br>Defendant's Initials

Wesley Page
September 1, 2020                      Re: Eugene Enrique Torres
Page 4

counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

    9. **COOPERATION.** Mr. Torres will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Torres may have counsel present except when appearing before a grand jury.

    10. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Torres, and except as expressly provided for in paragraph 12 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    11. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Torres for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Torres for perjury or false statement if such a situation should occur pursuant to this agreement.

    12. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Torres stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which

_EET_<br>Defendant's<br>Initials

Wesley Page
September 1, 2020                      Re: Eugene Enrique Torres
Page 5

is attached hereto as "Plea Agreement Exhibit B."

    Mr. Torres agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Torres or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Torres knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Torres understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    13. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Torres agree that the following provisions of the United States Sentencing Guidelines apply to this case.

    <u>USSG §2G1.3</u>

| | |
|---|---|
| Base offense level | 28 |
| Use of computer | + 2 |
| Involves commercial sex act | + 2 |

<i>EET</i><br>Defendant's Initials

Wesley Page
September 1, 2020                        Re: Eugene Enrique Torres
Page 6

| | |
|---|---|
| Minor under age 12 | + 8 |
| Adjusted offense level | 40 |

The United States and Mr. Torres acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

14. **WAIVER OF APPEAL AND COLLATERAL ATTACK**. Mr. Torres knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742. Mr. Torres also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction 18 U.S.C. § 2422(b) is unconstitutional, and (2) Mr. Torres's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit B) does not fall within the scope of the 18 U.S.C. § 2422(b). Mr. Torres may appeal the following:

(a) a sentence that exceeds the maximum penalty prescribed by statute; and

(b) a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make an "upward departure" or "upward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

The United State also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, except:

                                                     *EET*
                                              Defendant's
                                                 Initials

Wesley Page
September 1, 2020                  Re: Eugene Enrique Torres
Page 7

    (a)    a sentence that is below the minimum penalty, if any, prescribed by statute; and

    (b)    The United States may appeal a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make a "downward departure" or "downward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

Mr. Torres also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    15.  **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Torres knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    16.  **SEX OFFENDER REGISTRATION REQUIREMENT.** Mr. Torres understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Torres understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Torres further understands that

                                                                     _EET_
                                                                   Defendant's
                                                                   Initials

Wesley Page  
September 1, 2020                      Re: Eugene Enrique Torres  
Page 8

the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Torres understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

    17. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a) Inform the Probation Office and the Court of all relevant facts and conduct;

    (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c) Respond to questions raised by the Court;

    (d) Correct inaccuracies or inadequacies in the presentence report;

    (e) Respond to statements made to the Court by or on behalf of Mr. Torres;

    (f) Advise the Court concerning the nature and extent of Mr. Torres's cooperation; and

    (g) Address the Court regarding the issue of Mr. Torres's acceptance of responsibility.

    18. **VOIDING OF AGREEMENT.** If either the United States or Mr. Torres violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

                                                *EET*  
                                              Defendant's  
                                              Initials

Wesley Page
September 1, 2020                    Re: Eugene Enrique Torres
Page 9

19. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Torres in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Torres in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

>MICHAEL B. STUART
>United States Attorney

By: *Jennifer Rada Herrald*
Jennifer Rada Herrald
Assistant United States Attorney

*EET*
Defendant's Initials

Wesley Page
September 1, 2020                    Re: Eugene Enrique Torres
Page 10

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement.  I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          _____9/15/2020_____
Eugene Enrique Torres                    Date Signed
Defendant

_____          _____9/18/2020_____
Wesley Page                              Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. _____

18 U.S.C. § 2422(b)

**EUGENE ENRIQUE TORRES
     also known as EUGENIO
     ENRIQUE TORRES**

I N F O R M A T I O N
(Attempted Enticement of a Minor)

The United States Attorney Charges:

From on or about June 17, 2020, through on or about June 18, 2020, at or near Fayetteville, Fayette County, West Virginia, and within the Southern District of West Virginia, and elsewhere, defendant EUGENE ENRIQUE TORRES, also known as Eugenio Enrique Torres, using a facility and means of interstate commerce, that is, a cell phone and the Internet, did knowingly attempt to persuade, induce, entice, and coerce an individual, who had not attained the age of 18 years, to engage in prostitution and sexual activity for which any person could have been charged with a criminal offense.

In violation of Title 18, United States Code, Section 2422(b).

UNITED STATES OF AMERICA

MICHAEL B. STUART
United States Attorney

By: _____
JENNIFER RADA HERRALD
Assistant United States Attorney

PLEA AGREEMENT EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO. 2:20-cr-00100
                                                              2:20-cr-_____

**EUGENE ENRIQUE TORRES**
   **Also known as Eugenio Enrique**
   **Torres**

### STIPULATION OF FACTS

The United States and EUGENE ENRIQUE TORRES, stipulate and agree that the facts comprising the offense of conviction in the information and relevant conduct include the following:[1]

**DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA**

On or about June 17, 2020, from at or near Fayetteville, Fayette County, West Virginia, I sent a message in response to an ad on Craigslist entitled "Mama bear in town with the cubs" that indicated the mother[2] was looking to arrange "a fun playdate." Following a brief email exchange, the woman and I began to correspond via text message.

During the conversation the woman sought to confirm that we were on the same page regarding the nature of the Craigslist ad, specifically that she was "looking to watch my kids have adult fun with a new 'friend.'" I agreed that I was "in totally." I asked for and received an image from the woman purportedly depicting her

---

[1] This Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to EUGENE ENRIQUE TORRES and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment or Information.

[2] The "mother" was actually an undercover law enforcement officer.

**PLEA AGREEMENT EXHIBIT B**
1

with her two daughters. I also sent a photograph of myself and asked what the girls thought of me.

The woman and I began to discuss arrangements to meet in person and further discussed the topic of the cost of an encounter with one or both girls. I asked her for a "ballpark [price] for both [minors] for full fun." I was informed that the minors were ages 11 and 13, and that the 11-year-old was a virgin but sexual intercourse with her could be on the table for the right "donation." I was also informed that protection was required to be used and that there could be no "rough play or anal." While I expressed some concern about getting in trouble about their young ages, I continued to discuss arranging a meeting. I did not have access to a vehicle at the time, so I asked the woman to travel from her location in Beckley to meet me at my hotel in Fayetteville.

Prior to her coming to Fayetteville we also spoke on the telephone because I no longer wanted to communicate in writing via text messages. During the phone calls I asked her to give me prices, and I told her that I had gone to an ATM to withdraw cash. I told her it was fine for her to only bring the 11-year-old girl to the hotel. We discussed a price of $200 to $250, and she explained that I could talk to the 11-year-old to determine if she was willing to engage in sexual intercourse. I indicated that I was interested in engaging in oral sex with the minor, but I wanted to make sure she was comfortable with what she was doing. I also indicated that I had candy and could try to find a stuffed animal in the hotel gift shop to give the minor as a gift to make her feel more comfortable.

We arranged to meet at the bar in my hotel in Fayetteville on the evening of June 18, 2020. When we met in person the mother stated that she had discussed with the possibility of sex with the 11-year-old and she "seemed okay with it." I agreed that if she

initiated I would be interested. We left the bar in order to go get the minor from her mother's car and return to my hotel room. We planned to walk over to the nearby gas station to buy candy for the child as a gift, and I confirmed with the woman that she had brought condoms with her. As we were walking to the car to get the minor, we were placed under arrest.

At the time of this activity, I intended to persuade the 11-year-old minor to engage in sexual activity, specifically oral sex and sexual intercourse, by both working with her mother to make her more comfortable and by supplying her with candy as a gift.

Stipulated and agreed to:

_____   9/15/2020
EUGENE ENRIQUE TORRES          Date
Defendant

_____   9/18/2020
WESLEY PAGE                    Date
Counsel for Defendant

_____   9-21-2020
JENNIFER RADA HERRALD          Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT B**